UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE MYKONOS,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civil Action No. 13-1845 (JDB)

**MEMORANDUM OPINION**

Plaintiff Stephanie Mykonos brings this action against a large group of District of Columbia and United States government defendants: the United States of America; Sylvia Mathews Burwell, in her official capacity as the United States Secretary of Health and Human Services;[1] Vincent Gray, in his official capacity as the Mayor of the District of Columbia; Irvin Nathan, in his official capacity as the Attorney General of the District of Columbia; and Mila Kofman, in her official capacity as the Executive Director of D.C. Health Link (collectively "defendants"). Mykonos claims she was denied reduced cost health insurance in violation of the Americans with Disabilities Act ("ADA") and the Patient Protection and Affordable Care Act ("ACA"), and seeks (1) "enforcement of [her] rights to reduced cost health insurance," and (2) "fiscal reimbursements for out of pocket medical costs." See Second Am. Compl. [ECF No. 6] at 6. Defendants have filed motions to dismiss on several grounds, including (1) mootness and (2) failure to exhaust administrative remedies. For the reasons discussed below, the Court will grant defendants' motions to dismiss.

---

[1] The Court has substituted the current Secretary of Health and Human Services, Sylvia Mathews Burwell, for former Secretary Kathleen Sebelius, pursuant to Federal Rule of Civil Procedure 25(d).

1

## BACKGROUND

The administration of Medicaid in the District of Columbia is governed by a patchwork of federal and local statutes and agencies. The D.C. Department of Health Care Finance is primarily responsible for administering the D.C. Medicaid plan. See 42 U.S.C. § 1396a(a)(5); D.C. Code § 7-771.07. As relevant here, the D.C. Code authorizes an entity called the D.C. Health Benefit Exchange Authority to make Medicaid eligibility decisions. See D.C. Code §§ 31-3171.04(a)(13). To implement that directive, the D.C. Health Benefit Exchange Authority uses a computer system called D.C. Health Link, which makes automated determinations on an applicant's eligibility for coverage. See Second Am. Compl. at 6. The system's rules are approved by the D.C. Health Benefit Exchange Authority and the D.C. Department of Health Care Finance. See 42 C.F.R. §§ 155.110, 155.302.

D.C. Health Link, unsurprisingly, is not perfect—but if an applicant is dissatisfied with D.C. Health Link's eligibility decision, the applicant may request an administrative appeal. This administrative remedy originates from D.C. Code § 4-210.01, which provides that "[a]n applicant for, or recipient of, public assistance aggrieved by the action or inaction of the Mayor shall be entitled to a hearing." See D.C. Code § 4-210.01. A request for an administrative appeal prompts a two-phase review process, consisting of an informal review by the Department of Human Services followed by a formal review by the D.C. Office of Administrative Hearings. See Second Am. Compl. Ex. 2 [ECF No. 6] at 1. At either stage of this review process, an applicant may be reclassified as eligible for Medicaid and be reimbursed for medical expenses incurred during the period they were not covered. See 42 C.F.R. § 435.915(a)(1).

Mykonos alleges that on November 6, 2013, she was wrongfully denied enrollment in Medicaid by D.C. Health Link. Second Am. Compl. at 2. In response, she filed an

administrative appeal to have her eligibility reconsidered. Second Am. Compl. Ex. 2 at 1. On December 13, 2013, Mykonos was approved for Medicaid through the informal review process, retroactive to the first day of the month in which she applied: November 1, 2013. See Second Am. Compl. at 3. Then, on January 6, 2014, she withdrew her administrative appeal before the Offices of Administrative Hearings because her reimbursement claim was "before Federal District Court." See Def. Mot. to Dismiss Ex. 1 [ECF No. 10-1] at 6.

Mykonos filed her initial complaint on November 6, 2013, claiming a denial of reduced cost health insurance in violation of the ACA and the ADA. See Compl. [ECF No. 1] at 1. In her second amended complaint, filed on December 17, 2013, Mykonos maintains her ADA/ACA claim, and also seeks reimbursement of out-of-pocket medical expenses incurred during the month she was not covered. See Second Am. Compl. at 5. Defendants filed motions to dismiss on Rule 12(b)(1) and Rule 12(b)(6) grounds.

## **LEGAL STANDARD**

As an initial matter, this Court is mindful that complaints submitted by plaintiffs proceeding pro se are reviewed under "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, a pro se complaint must still plead "'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citation omitted).

**a)    Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164

3

(1993). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that can be drawn from them. See Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). The court need not, however, accept as true "a legal conclusion couched as a factual allegation" or make inferences that are unsupported by the facts set out in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), this Court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). "[A] court must dismiss a case when it lacks subject matter jurisdiction." Randolph v. ING Life Ins. & Annuity Co., 486 F. Supp. 2d 1, 4 (D.D.C. 2007). "[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14. Moreover, "[a] court may appropriately dispose of a case under 12(b)(1) . . . on mootness grounds." Comm. in Solidarity with the People of El Sal. v. Sessions, 929 F.2d 742, 744 (D.C. Cir. 1991). A court may consider material other than allegations in the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See, e.g., Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1107 (D.C. Cir. 2005); Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 n.3 (D.C. Cir. 1997).

**b)** **Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" such that the

defendant has "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must supply "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to provide the "grounds" of "entitle[ment] to relief." Twombly, 550 U.S. at 55-56; see also Papasan, 478 U.S. at 286. Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which [the Court] may take judicial notice." St. Francis Xavier, 117 F.3d at 624.

## DISCUSSION

Defendants move to dismiss Mykonos's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction (1) due to mootness and (2) for failure to exhaust administrative remedies. The Court will first examine whether Mykonos's claim for Medicaid coverage is moot, and then turn to defendants' argument that Mykonos failed to exhaust administrative remedies in seeking reimbursement of her medical costs.[2] The Court concludes that Mykonos's claim for Medicaid coverage is moot and that she failed to exhaust her administrative remedies for her reimbursement claim.

---

[2] At times, Mykonos seems to be bringing a discrimination claim under the ADA, though her complaint is not entirely clear in doing so. See Second Am. Compl. at 5. To state a claim for discrimination under the ADA, a plaintiff must allege that she is a qualified person with a disability, that she is qualified to participate in a government program, and that she was excluded from that program because of her disability. West v. Jackson, 538 F. Supp. 2d 12, 23 (D.D.C. 2008). Mykonos fails to allege that her vision impairment had any connection to D.C. Health Link's decision to deny her Medicaid coverage. See 42 U.S.C. § 12132 (requiring an allegation of discrimination by a public agency "by reason of such disability"). Thus, to the extent Mykonos brings a separate discrimination claim under the ADA, any such claim will be dismissed for failure to state a claim under Rule 12(b)(6).

## I. Mykonos's Claim for Medicaid Coverage is Moot.

When a party alleges that a court lacks jurisdiction on mootness grounds, the burden of demonstrating mootness "is a heavy one" that falls on the party asserting such a claim. United States v. W.T. Grant Co., 345 U.S. 628, 632-33 (1953). A case is considered moot either "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Pharmachemie B. V. v. Barr Labs., 276 F.2d 627, 631 (D.C. Cir. 2002) (a case is moot if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."). Indeed, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992).

Here, Mykonos purports to bring a claim under the ADA and the ACA to receive eligibility for Medicaid coverage—but this issue has already been decided. "[E]nforcement of [her] rights to reduced cost health insurance" was granted through D.C. Health Link's informal appeals process. See Second Am. Compl. at 3, 5. As a result of her administrative appeal, Mykonos's eligibility status was changed and she was retroactively granted Medicaid coverage from the date of her initial filing. See id. at 3. Thus, Mykonos has already been granted the Medicaid coverage she seeks. The issue of Mykonos's Medicaid coverage is no longer "live," and a ruling by this Court would not affect any legally cognizable interest. See Powell, 395 U.S. at 496. Hence, Mykonos's claim for Medicaid coverage is moot, this Court lacks subject-matter

jurisdiction to address it, and defendants' motions to dismiss this claim under Rule 12(b)(1) will be granted.[3]

## II. Mykonos Failed to Exhaust Administrative Remedies.

Defendants argue that Mykonos's claim for reimbursement of medical expenses should also be dismissed, for failure to exhaust administrative remedies. As a preliminary matter, the United States and Secretary Burwell assert that exhaustion of administrative remedies is an issue of subject-matter jurisdiction and seek dismissal pursuant to Rule 12(b)(1). The Supreme Court has held, however, that "when Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006). The statutes that provide Mykonos an administrative remedy to request reimbursement of her medical expenses contain no jurisdictional language. See D.C. Code § 4-201.02(a); see also 42 U.S.C. § 1396a(a)(3). Hence, defendants' motions to dismiss for failure to exhaust administrative remedies will be considered pursuant to Rule 12(b)(6).

The doctrine of exhaustion of administrative remedies "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" McKart v. United States, 395 U.S. 185, 193 (1969) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). "Judicial interference is withheld until the administrative process has run its course." United States v. W. Pac. R.R., 352 U.S. 59,

---

[3] There are two exceptions to the mootness doctrine, neither of which Mykonos raised in her opposition. In any event, neither exception applies. One is voluntary cessation of unlawful conduct, where a party has stopped conduct that could lead to a cause of action, but could be reasonably expected to resume the conduct later. This exception is not applicable here. See, e.g., Larsen v. U.S. Navy, 525 F.3d 1, 4 (D.C. Cir. 2008) (noting that the voluntary cessation exception does not apply when defendant has abandoned the challenged policy with no expectation of reinstating it). The other exception to the mootness doctrine is in situations capable of repetition yet evading review, where a claim cannot be properly adjudicated due to the nature of the action. This exception also does not apply here. See, e.g., Spirit of the Sage Council v. Norton, 411 F.3d 225, 229-30 (D.C. Cir. 2005) (finding that the "theoretical possibility" of an injury recurring, absent a reasonable expectation that it will recur, does not activate the capable of repetition exception).

7

63 (1956) ("Western Pacific"); see also Riverside Hosp. v. Dist. of Columbia Dep't of Health, 944 A.2d 1109 (D.C. 2008) (holding that a D.C. health clinic could not seek judicial review of a Medicare claim until after an initial review by the D.C. Board of Appeals).

As discussed above, an applicant for Medicaid in the District of Columbia may challenge an adverse eligibility ruling. See D.C. Code § 4-210.02(a); Second Am. Compl. Ex. 2 [ECF No. 6] at 1. Applicants first have the opportunity to attend an Administrative Review Conference: an informal hearing that may result not only in a change in the applicant's eligibility status, but also in reimbursement of the applicant's medical expenses. See Second Am. Compl. Ex. 2 at 1. If the results of the Administrative Review conference are unsatisfactory to the applicant, or if the applicant prefers to forego the Administrative Review Conference, the applicant is entitled to a formal hearing before the Office of Administrative Hearings to receive a review of their eligibility status and to request reimbursement of their medical expenses. See id.

Mykonos has not alleged that she exhausted these administrative remedies, as she has not received a final ruling from the Office of Administrative Hearings on her claim for reimbursement of medical expenses. See id. Although she did begin the appeals process, after she succeeded on appeal and filed this action, she withdrew her hearing request before a ruling could be issued. See Pl.'s Opp'n to Def. Mot. to Dismiss [ECF No. 18] at 3. Perhaps for this reason, Mykonos does not dispute defendants' argument that she failed to exhaust her administrative remedies. See Defs.' Mot. to Dismiss Ex. 1 [ECF No. 10-1] at 1; see also Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Until the appeals process with the Office of

8

Administrative Hearings is completed, this Court cannot hear Mykonos's claim for reimbursement of medical expenses. See Western Pacific, 352 U.S. at 63. For good reason: Mykonos may obtain any relief she seeks through the administrative process. Hence, Mykonos's complaint fails to allege exhaustion of administrative remedies, and defendants' motions to dismiss Mykonos's claim for reimbursement of medical expenses will be granted under Rule 12(b)(6).[4]

## **CONCLUSION**

For the foregoing reasons, the Court will grant defendants' motions to dismiss. A separate Order has issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: July 22, 2014

---

[4] To the extent Mykonos has received administratively the policy she seeks, her claim is moot; if she seeks more she has failed to exhaust fully her administrative remedies.